Dismissed and Memorandum Opinion filed May 17, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-01008-CV

____________

 

IN THE INTEREST OF B.W.E. AND A.E.E., Children

 



 

On Appeal from County Court at Law No.
2

Galveston County, Texas

Trial Court Cause No. 09FD1000

 



 

M E M O R
A N D U M   O P I N I O N

This is an attempted appeal from an order signed March 22,
2010, by the associate judge.  The record does not reflect appellant requested
a de novo review of the associate judge’s order within the required seven-day
period.  See Tex. Fam. Code § 201.1042(b).  Therefore, by operation of
law, that order became the order of the referring court not later than Monday,
March 29, 2010.  See Tex. Fam. Code § 201.1041(a) (“the proposed order
or judgment of the associate judge . . . shall become the order or judgment of
the referring court by operation of law without ratification by the referring
court”).  Although appellant filed a notice of appeal on June 1, 2010, in that
notice he sought a trial de novo in the referring court.  Nothing in that
notice of appeal sought review of a final order by this Court.  Therefore, it
was not effective to invoke our jurisdiction over this appeal.  See In re
D.J.L., No. 05-10-00203-CV, 2010 WL 3636327, at *1 (Tex. App. – Dallas
2010, no pet.) (mem. op.); Tex. R. App. P. 25.1.

Appellant filed a timely motion for new trial on April 5,
2010.  When appellant has filed a timely motion for new trial, the notice of
appeal must be filed within ninety days after the date the judgment is signed. See
Tex. R. App. P. 26.1(a).  The notice of appeal was therefore due by June 28,
2010, at the latest.  See Tex. R. App. P. 26.1(a).  Appellant’s
notice of appeal seeking review by this court was not filed until October 1,
2010.  

Appellant=s notice of appeal was not filed timely. A motion for
extension of time is necessarily implied when an appellant, acting in good
faith, files a notice of appeal beyond the time allowed by rule 26.1, but
within the fifteen-day grace period provided by Rule 26.3 for filing a motion
for extension of time.  See Verburgt v. Dorner, 959 S.W.2d 615, 617-18
(1997) (construing the predecessor to Rule 26).  Appellant=s notice of appeal was not filed
within the fifteen-day period provided by rule 26.3.

Notification was transmitted to all parties of the court=s intention to dismiss the appeal for
want of jurisdiction and appellant responded.  See Tex. R. App. P. 42.3(a).    Appellant=s response refers to section
201.013(b) of the Texas Family Code, providing “the proposed order or judgment of the associate judge
becomes the order or judgment of the referring court only on the referring
court’s signing the proposed order or judgment.”  This provision is in
subchapter A of chapter 201.  Subchapter B specifically pertains to associate
judges in Title IV-D cases, such as this case.  Section 201.1041, as discussed
above, provides the associate judge’s order becomes the order of the referring
court by operation of law upon expiration of the seven-day period to file a
request for de novo review.  See Tex. Fam. Code. § 201.1041(a) and (b).  Subchapter
B will prevail over Subchapter A to the extent of any conflict.  See
Tex. Fam. Code § 201.102.  Thus the appellate timetable runs from March 29,
2010, and the notice of appeal was untimely filed.  

We find appellant=s response fails to demonstrate that
this Court has jurisdiction to entertain the appeal and order the appeal dismissed.

 

PER CURIAM

 

Panel consists of Justices
Anderson, Brown, and Christopher.